IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DENNIS WILLIAMS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 10-EV-009366-D |
| | ) |
| STATE FARM FIRE AND, | ) |
| CASUALTY COMPANY | ) |
| Defendants. | ) |
| | ) |

## ANSWER AND COUNTERCLAIM

COME NOW, **State Farm Fire and Casualty Company,** named as Defendants herein, who file this Answer and Counterclaim to the allegations of Plaintiff's Complaint, and showing the Court the following:

### FIRST DEFENSE

Plaintiff has failed to comply with conditions precedent to coverage and is therefore not entitled to recovery of the Defendant.

### SECOND DEFENSE

Plaintiff has failed to comply with conditions precedent to the filing of suit pursuant to the express provisions of the contract between the parties upon which Plaintiff bases his claims. Accordingly, this action must be dismissed.

### THIRD DEFENSE

The contract sought to be enforced herein by Plaintiff has been rendered void by reason of failure of consideration and material breach thereof, rendering said contract void and unenforceable.

### FOURTH DEFENSE

Plaintiff may not recover under the express provisions of the contract sought to be enforced by reason of his intentional concealment and fraud, thereby rendering the contract void.

### FIFTH DEFENSE

The Plaintiff has made material misrepresentations related to the nature, cause and extent of the loss claimed, thereby rendering the contact in issue void and unenforceable.

### SIXTH DEFENSE

The insurance policy under which Plaintiff seeks to recover was rendered void and unenforceable due to increase of hazard and increase of moral hazard on the part of Plaintiff.

### SEVENTH DEFENSE

The fire which forms the basis of Plaintiff's claim of loss was the result of incendiarism or arson, an intentional act caused or procured by Plaintiff for the purpose of obtaining the payment of insurance proceeds by fraudulent means thereby rendering the contract of insurance void.

### EIGHTH DEFENSE

The assertion and maintenance of this action constitutes a fraud upon the party defendant and a fraud upon the Court.

### NINTH DEFENSE

The contract pursuant to which this action is brought is void due to fraud in the inception in that the value of the subject property, among other essential terms, was fraudulently inflated as a result of mortgage fraud activity instigated and perpetrated by Plaintiff in concert with others intent upon fictitiously and fraudulently inflating the apparent value of the subject property in order to

defraud the mortgagee and the insurer of the mortgagee.

## TENTH DEFENSE

Further responding to the specific allegations of the Plaintiff's Complaint, Defendants shows the Court the following:

## ANSWER TO COMPLAINT

1.

The allegations contained in Paragraph 1 of Plaintiff's Complaint are denied.

2.

The allegations contained in Paragraph 2 of Plaintiff's Complaint are admitted.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of Plaintiff's Complaint. Accordingly, by operation of law, said allegations are denied.

4.

The allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of Plaintiff's Complaint. Accordingly, by operation of law, said allegations are denied. Moreover, the pleading of such allegations constitutes the knowing and intentional pleading of inadmissible, irrelevant, impertinent or scandalous matters pursuant to Rules 11 and 12, F.R.C.P.

6.

Responding to the allegations of Paragraph 6 of Plaintiff's Complaint, Defendant admits that it issued a policy of insurance having a policy number of 11-BD-S738-7 which was in full force and effect at the time of the subject fire and issued in the name of Dennis D. Williams, Jr. The remaining allegations of paragraph 6 of Plaintiff's Complaint are denied.

7.

The allegations contained in Paragraph 7 of Plaintiff's Complaint are denied as stated. The Contract of insurance speaks for itself as to the coverages provided therein. Defendant shows that the policy describes certain coverages as to structure and contents for property located at 495 Cambridge Way, NW, Atlanta, Georgia 30328.

8.

The allegations of Paragraph 8 of Plaintiff's complaint are denied.

9.

The allegations of Paragraph 9 of Plaintiff's Complaint are denied. It is admitted that Defendant denied Plaintiff's claim.

10.

The allegations of Paragraph 10 of Plaintiff's Complaint are denied.

11.

The allegations of Paragraph 11 of Plaintiff's Complaint are denied.

12.

The allegations of Paragraph 12 of Plaintiff's Complaint are denied.

-4-

13.

Responding to the final unnumbered paragraph of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to the relief sought.

14.

All allegations of Plaintiff's Complaint not expressly admitted herein are denied.

15.

Further responding to the allegations of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to recover of Plaintiff in any sum or manner whatsoever.

**COUNTERCLAIM**

As and for its counterclaim against Plaintiff, (Defendant in Counterlcaim), Defendant, (Plaintiff in Counterclaim), shows the court the following:

1.

Plaintiff/Defendant in Counterclaim has voluntarily submitted to the jurisdiction of the Court, having brought this action therein. Therefore, said Plaintiff/Defendant in Counterclaim is subject to the jurisdiction of this court.

2.

Pursuant to the provisions of the subject policy of insurance, Defendant/Plaintiff in Counterclaim has incurred expenses in the investigation and processing of the claim asserted thereunder by Plaintiff/Defendant in Counterclaim.

3.

Pursuant to the provisions of the subject policy of insurance and its obligations thereunder,

Defendant/Plaintiff in Counterclaim has made certain payments, including advances to Plaintiff/ Defendant in Counterclaim and payments to others for the removal of debris of the remains of the property described in the policy of insurance in suit.

4.

Pursuant to the provisions of the subject policy of insurance and its obligations thereunder, Defendant/Plaintiff in Counterclaim has made payment to mortgagees designated and insured under the policy in suit as their interests may appear on the date of loss and by reason of the loss.

5.

These payments and expenses were incurred notwithstanding breach of the insurance contract in suit by Plaintiff/Defendant in Counterclaim because such payments and expenses were incurred as required under the policy of insurance in suit in spite of breach of the contract of insurance by Plaintiff/Defendant in Counterclaim, designated as named insured.

6.

None of the described payments or expenses would have been incurred by Defendant/Plaintiff in Counterclaim had the fire loss which is the subject of this action not occurred.

7.

Moreover, Plaintiff/Defendant in Counterclaim fraudulently inflated the value of the subject property in order to defraud the mortgagee as well as the insurer of the mortgagee by causing the property to be insured in excess of its value as well as the value of contents.

8.

Plaintiff/Defendant in Counterclaim intentionally caused or procured the incident which resulted in the subject loss for the purpose of obtaining payment of insurance proceeds which

-6-

constitutes a breach of the contract and insurance fraud.

9.

But for the fraud of Plaintiff/Defendant in Counterclaim, Defendant/Plaintiff in Counterclaim would not have incurred the expenses related to the claim investigation and processing and would not have been obligated to make payment of advances to Plaintiff/Defendant in Counterclaim and payment to mortgagees and others designated.

10.

Plaintiff/Defendant in Counterclaim is therefore obligated to pay and Defendant/Plaintiff in Counterclaim is entitled to recover from Plaintiff/Defendant in Counterclaim all such expense incurred and amounts paid in connection with or by reason of the subject loss.

11.

As contemplated under the provisions of O.C.G.A. § 13-6-11, Plaintiff/Defendant in Counterclaim has intentionally breached the insurance contract in suit and intentionally and fraudulently caused the loss of property which was the subject of said policy of insurance for the purpose of and in furtherance of a scheme and plan to defraud. Accordingly, such conduct constitutes bad faith and stubbornly litigious conduct and causing such unnecessary trouble and expense as to warrant recovery against Plaintiff/Defendant in Counterclaim all expenses of litigation, including reasonable attorneys fees incurred by Defendant/Plaintiff in Counterclaim in the defense of this action and prosecution of its counterclaim.

**WHEREFORE**, having fully responded to each and every allegation of Plaintiff's Complaint, showing no liability thereunder, Defendant demands to be discharged herefrom without costs, and TRIAL BY JURY of twelve as to all proper issues. Defendant/Plaintiff in Counterclaim

-7-

further prays that it be permitted to recover on its Counterclaim, all expenses incurred and sums paid as a result of the subject claim and its expenses of litigation, including reasonable attorney's fees pursuant to O.C.G.A. § 13-6-11.

This 15th day of March, 2010.

**HALL BOOTH SMITH & SLOVER, P.C.**

James H. Fisher, II
Georgia Bar No. 261850
Denise W. Spitalnick
Georgia Bar No. 746210
*Attorneys for Defendants State Farm Fire and Casualty Company*

1180 West Peachtree Street, N.W.
Atlantic Center Plaza, Suite 900
Atlanta, GA 30309-3479
(404) 954-5000
(404) 954-5020 - Fax
jfisher@hbss.net
dspitalnick@hbss.net

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DENNIS WILLIAMS | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )     Civil Action No. 10-EV-009366-D |
| | ) |
| STATE FARM FIRE AND, | ) |
| CASUALTY COMPANY | ) |
|     Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the above and foregoing *Answer and Counterclaim* upon counsel listed below by depositing a true copy of same in the United States Mail, in properly addressed envelopes with adequate postage thereon.

> John D. Hadden, Esq.
> Turkheimer & Hadden, LLC
> 44 Broad Street, Ste. 600
> Atlanta, Georgia 30303

This 15th day of March, 2010.

**HALL BOOTH SMITH & SLOVER, P.C.**

James H. Fisher, II
Georgia Bar No. 261850
Denise W. Spitalnick
Georgia Bar No. 746210
*Attorneys for Defendants State Farm Fire and Casualty Company*

1180 West Peachtree Street, N.W.
Atlantic Center Plaza, Suite 900
Atlanta, GA 30309-3479
(404) 954-5000; (404) 954-5020 - Fax
jfisher@hbss.net; dspitalnick@hbss.net