IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DENNIS WILLIAMS | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 1:10-cv-00756-TCB |
| v. | ) | |
| | ) | |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RULE 26(a)(1) INITIAL DISCLOSURES

COMES NOW, State Farm Fire and Casualty Company, Defendant named in the above-referenced case, and files these its Initial Disclosures as required by Rule 26 (a)( 1) of the Federal Rules of Civil Procedure.

(1)     If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended Summons and complaint reflecting the information furnished in this disclosure response.

RESPONSE: State Farm Fire and Casualty Company is properly identified,

(2)     Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends

that there is a question of misjoinder of parties, provide the reasons defendant's contention.

RESPONSE: Defendant State Farm Fire and Casualty Company is not aware of any additional persons who are necessary parties to this action. If facts arise which may modify this Defendant's response to this Disclosure it will supplement this response accordingly.

(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendants in the responsive pleading.

RESPONSE:

a.    Condition Precedent - Defendant asserted this defense because plaintiff failed to comply with the express and implied conditions precedent to coverage.

b.    Breach of Contract and Fraud - Defendant asserted this defense due to plaintiff not complying with his duties under the contract and making material misrepresentations in his claim submission, thereby breaching the contract.

c.    Fraud, Concealment, and Misrepresentations - Defendant asserted this defense because plaintiff breached the fraud and concealment provision of the insurance contract by making material misrepresentations in the submission of his claim.

d.    Void contract – Defendant asserted this defense because plaintiff breached the above referenced provisions in the insurance contract, mortgage fraud, and caused an increase of moral hazard.

Counterclaim

Defendant has incurred expenses in the investigation and processing of the fraudulent claim asserted by plaintiff, as well as making advance payments to the plaintiff during the investigation of the claim,  payments to third parties for debris removal, and payments to plaintiff's mortgagee, which were all incurred as a result of plaintiff's fraudulent claim submission.

(4)    Describe in detail all statutes, codes, regulations, legal principles. standards and customs or usages, and illustrative case law which defendants contend are applicable to this action.

RESPONSE: This case is a coverage dispute based on the provisions found in the subject homeowners policy. Plaintiff has breached the policy by intentionally making material misrepresentations, violating the fraud and concealment provision in the subject policy, and intentionally causing the loss.  General contract law principles should be applied in this case.  O.C.G.A. § 13-6-11 is applicable for use in determining attorneys fees and expenses in defendant's counterclaim.

(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Responses to Initial Disclosures as Attachment A.)

RESPONSE: Please see attached witness list identified as Attachment A.

(6)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. (26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

RESPONSE: None identified at this time.

(7)    Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the in formation. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)

RESPONSE: Please see attached list identified as Attachment C.

(8)     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of or describe by category and location of the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D).

RESPONSE:   Please see attached list identified as Attachment D.

(9)     If Defendants contend that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

RESPONSE:  Unknown at this time.

(10)   Attach for inspection and Copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying cn an insurance business may be liable to satisfy part of all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance, agreement to Responses to Initial Disclosures as Attachment E.)

RESPONSE:  Certified copy of insurance policy previously provided.

Respectfully submitted  14  day of April, 2010.

s/ James H. Fisher, II
James H. Fisher, II
Georgia Bar No. 261 850

s/ Denise W. Spitalnick
Denise W. Spitalnick
Georgia Bar No. 746210

Attorneys for Defendant

Hall Booth Smith & Slover, P.C.
II80 West Peachtree Street, N.W.
Atlantic Center Plaza, Suite 900
Atlanta, Georgia 30309-3479
Telephone: (404) 954-5000
Fax: (404) 954-5020
E-mail: dspitanick@hbss.net
E-mail: jfisher@hbss.net

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DENNIS WILLIAMS | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 1:10-cv-00756-TCB |
| v. | ) | |
| | ) | |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing

Defendant's Rule 26(a)(1) Initial Disclosures with the Clerk of Court using the

CM/ECF system which will automatically send e-mail notification of such filing to

the following attorneys of record:

This 14th day of April, 2010

s/ James H. Fisher, II
James H. Fisher, II
Georgia Bar No. 261 850

s/ Denise W. Spitalnick
Denise W. Spitalnick
Georgia Bar No. 746210

Attorneys for Defendant

Hall Booth Smith & Slover, P.C.
1180 West Peachtree Street, N.W.
Atlantic Center Plaza, Suite 900
Atlanta, Georgia 30309-3479

Telephone: (404) 954-5000
Fax: (404) 954-5020
E-mail: dspitanick@hbss.net
E-mail: jfisher@hbss.net

## ATTACHMENT A

1.      Dennis Williams has knowledge of the subject loss and his claimed damages.

2.      Bilinda Thomas State Farm claim representative has knowledge regarding the submission of plaintiff's fraudulent claim.  She may be contacted through counsel.

3.      Steve Bernola may have knowledge regarding the purchase of the residence.

4.      Mark Mahoney may have knowledge regarding the purchase of the residence.

5.      Julian Sanders may have knowledge regarding the purchase and financing of the residence.

6.      Eddie Parker may have knowledge regarding plaintiff's business MDNN Medical Providers.

7.      Dorell Summerall may have knowledge regarding plaintiff's businesses.

7.      Reporting police officers and fire fighters may have information regarding the loss.

8.      Cynthia Williams may have knowledge regarding Plaintiff's alibi and whereabouts on the date of loss, and financial information.

9.     Rick Bunch may have knowledge regarding plaintiff's criminal activities.

10.    Art Grady may have knowledge regarding other insurance claims.

11.    Kim Zeller prepared a house appraisal of 495 Cambridge Way, Atlanta, Georgia.

12.    Latasha Renee Williams  may have knowledge regarding plaintiff's alibi and whereabouts on the date of loss, and financial information.

13.    Rochelle Reed may have knowledge regarding the residence at Chancery Ridge and plaintiff's real estate business ventures.

14.    Police Chief Scarborough may have knowledge regarding the fire.

15.    Brian (referenced by Plaintiff at examination under oath) may have knowledge regarding plaintiff's alibi.

16.    Freddie Heard may have knowledge regarding the loss.

17.    Junior Nobles may have knowledge about the subject residence.

18.    Any other individuals referenced in plaintiff's examination under oath taken on November 21, 2008.

## ATTACHMENT C

1.    Homeowners Insurance Policy

2.    Loan documents related to 495 Cambridge Way, Atlanta, Georgia

3.    Insurance application

4.    Financial records produced at examination under oath of plaintiff
      taken November 21, 2008

5.    Bankruptcy records of plaintiff

6.    Phone records of plaintiff produced at examination under oath taken
      November 21, 2008

7.    Appraisal of Cambridge Way, Atlanta, Georgia

8.    Claim documents

9.    Documents related to prior litigation involving plaintiff

10.   Business records produced by plaintiff at his examination under oath
      taken November 21, 2008

11.   All documents produced or referenced at examination under oath of
      plaintiff taken November 21, 2008

12.   Photographs of 495 Cambridge Way, Atlanta, Georgia

## **ATTACHMENT D**

1.      Document related to debris removal expense

2.      Mortgage payment

3.      Advances paid to the insured

4.      Claim investigation expenses

5.      Attorneys fees

1854585-1