IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DENNIS WILLIAMS ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 1:10-cv-00756-TCB |
| v. ) | |
| ) | |
| ) | |
| STATE FARM FIRE AND ) | |
| CASUALTY COMPANY, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE DEFAULT AND ALLOW FILING OF ANSWER TO DEFENDANT'S COUNTERCLAIM

COMES NOW, State Farm Fire and Casualty Company ("State Farm"), Defendant named in the above-referenced case, and files this Memorandum of Law in Opposition to Plaintiff's Motion to Set Aside Default and Allow Filing of Answer to Defendant's Counterclaim, showing the Court as follows:

### I.   FACTUAL BACKGROUND AND PROCEDURAL POSTURE

State Farm and Plaintiff entered into a homeowners insurance contract whereby State Farm agreed to insure Plaintiff's residence in Atlanta, Georgia against certain perils. See Complaint, ¶¶ 3, 6. On October 3, 2008, plaintiff breached the insurance contract by causing the destruction of the subject residence by fire. See Complaint, ¶

4; Counterclaim, ¶ 6. The subject insurance contract provided for payment to the mortgagee notwithstanding breach by the named insured. See Counterclaim, ¶¶ 4,5. Plaintiff breached the insurance contract with State Farm by making material misrepresentations and in intentionally causing the loss. See Counterclaim, ¶¶ 3,8. Moreover, Plaintiff has through fraud over-insured the subject property. See Counterclaim, ¶ 7.

On February 16, 2010, Plaintiff filed suit in the State Court of Fulton County seeking payment under the subject policy. On March 15, 2010, the Defendant removed the action to this Court and filed an answer and counterclaim. [Doc 2]. Plaintiff had until April 5, 2010 to file an answer to Defendant's counterclaim. Plaintiff did not file an answer and on August 10, 2010, State Farm filed a Motion for the Clerk's Entry of Default. Plaintiff has now requested this court relieve him from the default that arose due to his failure to answer State Farm's Counterclaim.

## II.   ARGUMENT AND CITATION TO AUTHORITY

### A.   Legal Standard

This court may set aside Plaintiff's "default for good cause." Fed. R. Civ. P. 55(c). Here, the Plaintiff "bears the burden of establishing good cause to set aside an

entry[1] of default." Insituform Techs., Inc. v. AMerik Supplies, Inc., 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008); see also KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 14 (1st Cir. 2003). " 'Good cause' is a mutable standard, . . . not susceptible to a precise formula."  Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).  The 11th Circuit has generally indicated the following six (6) factors may be considered: (1) whether the default was culpable or willful; (2) whether setting it aside the default would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether the public interest was implicated; (5) whether there was significant financial loss to the defaulting party, and (6) whether the defaulting party acted promptly to correct the default. Id. "However, if a party willfully defaults by displaying either an

---

[1] In his moving brief, Plaintiff implies his moving to set aside default prior to the Clerk's actual entry of default is of independent significance. An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." United States v. $ 11,000.00 in United States Funds, 2009 U.S. Dist. LEXIS 5441 (M.D. Ga. Jan. 27, 2009). The actual "entry of default . . . is a ministerial matter performed by the clerk." 55 Moore's Federal Practice - Civil § 55.10. Since Defendant has failed to plead or otherwise defend against the counterclaim, he is in default regardless of whether the clerk has taken the additional ministerial act of entering the default notation onto the docket. See generally Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) ("Although the Clerk has not yet entered a default, the court believes that Plaintiff's motion, which challenges the appropriateness of such an entry, is similar in spirit to a motion to set aside an entry of default already entered.") Therefore, the "good cause" standard applies here.

intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Id. at 951-52.

### B. Court Should Deny Relief from Default because Plaintiff Has Displayed a Reckless Disregard for the Judicial Proceedings

As this Court has noted, "in order for the judicial system to properly function, there are basic rules that have been established that must be followed." Insituform Techs., Inc., 588 F. Supp. 2d at 1359. Defendant filed a Counterclaim against Plaintiff pursuant to Fed. R. Civ. P. 13, but the Plaintiff failed to answer State Farm's Counterclaim within 21 days as required by Fed. R. Civ. P. 12(a)(1)(B). Plaintiff's reckless disregard of his obligation under the basic rules of federal civil procedure to answer State Farm's Counterclaim should result in the denial of Plaintiff's Motion to Set Aside Default. Compania Interamericana Export-Import, S.A., 88 F.3d at 952.

It was Plaintiff who initiated this action to which Defendant was required to and did file a timely response. This Court's decision in Insituform Techs., Inc., supra is instructive. There, when considering whether to set aside the Clerk's Entry of Default, the Court evaluated a third-party defendant's culpability and willfulness where there was evidence that the third party defendant had knowledge of the lawsuit and ample time within which to respond, but failed to do so. Id. at 1358. The Court found the President and CEO of the Third Party Defendant, an Austrian national and who may not have had "full familiarity with the American judicial system," was properly served

1956161-1
3925-0154

4

and the Third Party Defendant's "decision to do nothing in response" to the served Complaint demonstrated "an intentional or reckless disregard for the judicial proceedings." Id. at 1359. Finding it was not obligated to make any additional findings, the Court denied the relief from default sought by the Third Party Defendants. Id. at 1360.

Here, as in Insituform Techs., Inc., the Plaintiff's "decision to do nothing in response" to State Farm's Counterclaim between March 15, 2010 when it was undisputedly served, and August 11, 2010 when he moved to set aside the default, demonstrates a reckless disregard for our judicial rules. In addition to service of the Counterclaim itself, the Preliminary Planning Report and Discovery Plan, filed by the parties on April 14, 2010 and approved by the Court on April 19, 2010, specifically references State Farm's counterclaim for "payment to mortgagee, advances paid and expenses incurred." See Preliminary Planning Report and Discovery Plan, § 1(a), [Docs 6, 8]. Plaintiff was undoubtedly "aware of the lawsuit, was properly served by [Defendant], and therefore had an obligation to file a timely response with this Court" and his failure to do so necessitates entry of a default judgment. Insituform Techs., Inc., 588 F. Supp. 2d at 1359.

## C. Plaintiff Has Produced No Evidence that Good Cause Exists to Set Aside Plaintiff's Default

"[A] district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so." African Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1203 (11th Cir. 1999) (citing Gower v. Knight (In re Knight), 833 F.2d 1515, 1516 (11th Cir. 1987). If "defaults could be put aside without cause, the threat of default would be meaningless, and courts would lose much of their power to compel participation" in judicial proceedings. African Methodist Episcopal Church, Inc., 185 F.3d at 1203. A motion for relief from default should be accompanied by affidavits or declarations stating facts that "support the claim that the default was excusable, that a meritorious defense exists, and possibly other matters." 55 Moore's Federal Practice - Civil § 55.71 (citing SEC v. McNulty, 137 F.3d 732, 739 (2d Cir. 1998) (neglect in failing to answer was not excusable when record contained no affidavit offering explanation for conduct); Cohen v. Murphey, 222 F.R.D. 416, 418 (D. Cal. 2004) (meritorious defense was not shown when neither answers nor motion for relief contained any facts supporting defense).

Here, the factual allegations set forth in the affidavit of Plaintiff's counsel are woefully insufficient to establish any cause, much less "good cause," as to Plaintiff's failure to file an answer to Defendant's counterclaim. Rather, Plaintiff's counsel focuses on his efforts after the Defendant's Motion for Clerk's Entry of Default.

Tellingly, however, his affidavit fails to give any indication that Plaintiff did "anything what[so]ever to prevent the default's occurrence." McNulty, 137 F.3d at 740. The only arguable "cause" given for Plaintiff's default are the actions of Plaintiff's counsel. See Affidavit of John D. Hadden, ¶ 11; [Doc 15]. But it is well established "clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 397 (U.S. 1993). In Link v. Wabash v. Wabash R. Co., 370 U.S. 626 (1962), the Supreme Court wrote:

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

Id. at 633-34 (quotations omitted).

Thus, Plaintiff's counsel's failure to file an answer does not excuse Plaintiff's disregard for the established rules of this Court.

Here, Plaintiff has failed to provide any evidence of good cause for the failure to answer the counterclaim or any evidence to support a meritorious defense. Therefore, Plaintiff should not be granted relief from his default.

### D. The Six Factors Weigh In Favor of Denying Plaintiff's Request Relief

Even if this Court were to find that Plaintiff has not acted in willful disregard for this Court's established rules and that sufficient evidence exists in the record to show *any* cause for the requested relief from Plaintiff's default, appropriate consideration of the six (6) factors identified in Compania Interamericana Export-Import, S.A., supra support the conclusion that relief from Plaintiff's default is not warranted. Jenkens & Gilchrist a Prof'l Corp. v. Groia & Co., 542 F.3d 114, 119 (5th Cir. 2008) (finding the district court need not consider all of the above factors in ruling on the party's motion). Specifically, as discussed in Section II.B, infra, Plaintiff's failure to follow this Court's rules by not filing an answer to a counterclaim, which was properly served and of which Plaintiff had actual notice, evinces culpable and willful disregard for the Court's rules. Second, since discovery has expired, opening the default would prejudice Defendant, placing questions of liability in play that have otherwise been determined. As noted above, Plaintiff has failed to offer any *evidence* that he has a meritorious defense, relying instead on his unverified complaint and untimely answer. See 55 Moore's Federal Practice - Civil § 55.71.

The final three (3) factors, which was described as "other factors" by the Compania Interamericana Export-Import, S.A. Court also support denying the relief Plaintiff requests. First, the federal court rules, developed to serve the public interest,

are required to be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Here, by ignoring his obligation to follow these rules, Plaintiff has disregarded the public interest by contributing to slower and less efficient administration of justice and evinces an attitude of disregard for the rules. It should be noted and be of great significance that it was Plaintiff who invoked the rules by choosing to initiate this action and Plaintiff should be required to comply with them. Certainly, Plaintiff's four (4) month, post-default delay in filing an answer to Defendant's counterclaim cannot be considered prompt. Therefore, consideration of the six (6) factors identified by the 11th Circuit also favors denial of Plaintiff's requested relief from his default.

### III.   CONCLUSION

Plaintiff has failed to follow the rules. Without providing a singular reason for his failure to file an answer to State Farm's counterclaim, Plaintiff requests relief from his default. Because he has acted with reckless disregard for this Court's rules and utterly failed to provide any evidence to support the conclusory allegations in his memorandum of law, Plaintiff has failed to show "good cause" as to why his default should be set aside. Therefore, this Court should enter default and proceed with the acceptance of evidence to determine the appropriate award of damages pursuant to a default judgment.

This 27th day of August, 2010.

                       **HALL BOOTH SMITH & SLOVER, P.C.**

                       <u>s/ Denise W. Spitalnick</u>
                       James H. Fisher, II
                       Georgia Bar No. 261850
                       Denise W. Spitalnick
                       Georgia Bar No. 746210
                       Attorneys for Defendant

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
Telephone: (404) 954-5000
Fax: (404) 954-5020
E-mail: dspitanick@hbss.net
E-mail: jfisher@hbss.net

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DENNIS WILLIAMS | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 1:10-cv-00756-TCB |
| v. | ) | |
| | ) | |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Memorandum of Law in Opposition to Plaintiff's Motion to Set Aside Default and Allow Filing of Answer to Defendant's Counterclaim with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record: **John D. Hadden, Turkheimer & Hadden, LLC, 44 Broad Street, Suite 600, Atlanta, Georgia 30303.**

This 27th day of August, 2010

                                             **HALL BOOTH SMITH & SLOVER, P.C.**

                                             s/ Denise W. Spitalnick
                                             James H. Fisher, II
                                             Georgia Bar No. 261850
                                             Denise W. Spitalnick
                                             Georgia Bar No. 746210
                                             Attorneys for Defendant

191 Peachtree Street, N.E.
Suite 2900

1956161-1
3925-0154

Atlanta, Georgia 30303
Telephone: (404) 954-5000
Fax: (404) 954-5020
E-mail: dspitanick@hbss.net
E-mail: jfisher@hbss.net