IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DENNIS WILLIAMS )
)
    Plaintiff, ) Civil Action No.
) 1:10-cv-00756-TCB
v. )
)
)
STATE FARM FIRE AND )
CASUALTY COMPANY, )
)
    Defendant. )

## DEFENDANT'S STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

COMES NOW, State Farm Fire and Casualty Company ("State Farm"), Defendant named in the above-referenced case, and in conformance with Local Rule 56.1(B)(1) submits Defendants' Statement of Material Facts to Which There is No Genuine Issue to Be Tried to be filed contemporaneously with its Motion for Summary Judgment, showing as follows:

1.    State Farm and Plaintiff entered into a homeowners insurance contract whereby State Farm agreed to insure a second home that Plaintiff purchased here in Atlanta. See November 28, 2008 Sworn Statement in Proof of Loss, attached to Memorandum of Law as Exhibit "A"; Certified Copy of Policy Number 11-BD-S738-7, attached to Memorandum of Law as Exhibit "C" (hereinafter "Subject Policy").

20007782-1
3925-0154

2.     On Friday, October 3, 2008, the residence, located at 495 Cambridge Way, Atlanta, Georgia ("Subject Property"), was destroyed by fire. See November 28, 2008 Sworn Statement in Proof of Loss, attached to Memorandum of Law as Exhibit "A."

3.     Williams claims he rented a Pontiac G6 on Thursday, October 2, 2008 from the Avis store on Courtland in Atlanta and drove to Florence, South Carolina. EUO, 133:1-16; 135:1-9, attached to memorandum of law as Exhibit "B."

4.     On Saturday, October 4, 2010, Williams claims he was notified, while at his primary home in Fayetteville, North Carolina, that the Subject Property had been destroyed by fire and he subsequently notified State Farm of the fire. EUO, 127:20-128:19; 136:5-23.

5.     The homeowners policy in question, Policy Number 11-BD-S738-7, provides:

**SECTION I – CONDITIONS**
* * *
2.     **Your Duties After Loss.** After a loss to which this insurance may apply, you shall see that the following duties are performed:
* * *
c.     prepare an inventory of damaged or stolen personal property. Show in detail the quantity, description, age, replacement cost and amount of loss. Attach to the inventory all bills, receipts, and related documents that substantiate the figures in the inventory;
d.     as often as we reasonably require:
(1)     exhibit the damaged property;
(2)     provide us with records and documents we request and permit us to make copies;
(3)     submit to and subscribe, while not in the presence of any other insured:

        (a)     statements; and

        (b)     examinations under oath; and

. . .

e.     submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

        (6)     an inventory of damaged or stolen personal property described in 2.c.

. . .

6.     **Suit Against Us**. No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of the loss or damage.

. . .

12.     **Intentional Acts.** If you or any other insured causes or procures a loss to property covered under this policy for the purposes of obtaining insurance benefits, then this policy is void and we will not pay or any other insured for this loss."

Certified Copy of Policy Number 11-BD-S738-7, attached to the Memorandum of Law as Exhibit "C" (hereinafter "Subject Policy").

6.     On November 13, 2008, State Farm's counsel sent a letter to Williams requesting that he attend an examination under oath ("EUO") and present at the EUO the originals of certain documents. <u>See</u> November 13, 2008 Letter of Fisher, attached to the Memorandum of Law as Exhibit "D."

7.     Specifically, State Farm requested Williams product at his EUO:

1)     Originals of all receipts, invoices, purchase orders, bills of sale, and the like which reflect the date of purchase, purchase price, place of purchase, and description of any and all property claimed to have been the subject of this loss.

. . .

(4) All bank statements, canceled checks, charge account receipts, charge account statements, or other such documents which refer or relate to any item which is the subject of this claim.

(5) Agreements, invoices, payment records related to renovation work performed or agreed to be performed at the subject premises within 12 months of the date loss.

(6) All income tax returns, with accompanying schedules, prepared by you or on your behalf for filing with any local, state, or federal government for 2005, 2006 and 2007, as well as any such returns filed or prepared for filing for any subsequent year.

(7) All documents reflecting all checking accounts, savings accounts, or brokerage accounts held in your name, whether individually or jointly with any other or held in the name of any other for your benefit for the one year period immediately preceding the date of loss, including but not limited to periodic statements, confirmations of transactions, analyses, and canceled checks.

. . .

(13) All documents reflecting your interest in any vehicle owned, leased or rented by you, including bill of sale, rental agreement, lease agreement, appraisal or inspection report, repair records, promissory notes and payment history.

(14) All agreements entered into relating to the sale, purchase or lease of the property involved in this claim during the two year period preceding the date of loss.

See Excerpts of November 13, 2008 Letter of Fisher, attached to the Memorandum of Law as Exhibit "D."

8.     At his EUO on November 21, 2008, Williams acknowledged that the subject loss was likely caused by an intentional act. EUO, 140:6-23, 158:8-24, 161:22-162:13,178:24-179:7.

9.     Williams failed to produce documentation for the personal property claim to have been destroyed in the burned house, failed to bring all of his bank statements,

and did not produce the complete copies of the closing statements to the EUO.  EUO, 68:8-69:10, 106:4-8, 113-23-114:4, 115:2-25.

10.   Williams did not produce at his EUO all the documents requested by State Farm.  EUO, 133:4-12, 135:1-9, 139:12-17.

11.   Williams specifically failed to produce a copy of a car rental agreement which would have evidenced his rental of the Pontiac G6 that he supposedly drove from Atlanta, Georgia to Florence, South Carolina at or around the time of the fire.  EUO, 133:4-12, 135:1-9, 139:12-17.

12.   At the EUO, Williams' counsel explained that there was "some information where my client has been stricken by law enforcement not to give certain names." EUO, 5:20-24.

13.   Williams refused to produce certain bank documents or otherwise discuss a certain account that Williams "was instructed by the FBI not to discuss that one account because it is an account that is subject of a current litigation which not complete, federal criminal litigation that is not complete." EUO 106: 4-109:25.

14.   Williams counsel also prohibited the insurer from asking Williams about his involvement in a "white-collar matter which [Williams] has been involved in . . . ." EUO 178:24-179:7.

15.    At the EUO, Williams specifically testified that he had not completed an inventory of the damaged personal property. EUO, 69:1-10.

16.    On November 25, 2008, Williams signed a Sworn Statement in Proof of Loss, wherein he failed to attach "an inventory which shows in detail the quantity, description, actual cash value, and amount of loss of all personal and business property for which claim is being made." (See November 25, 2008 Sworn Statement in Proof of Loss, attached to the Memorandum of Law as Exhibit "A.")

17.    In submitting the November 25, 2008 Sworn Statement in Proof of Loss to State Farm, Williams did not make a claim for damaged personal/business property.

18.    On January 20, 2009, State Farm mailed Williams a reservations of rights letter, specifically citing the exclusion in the policy related to fraud and concealment by the insured. See January 20, 2009 Letter of Smith, attached to the Memorandum of Law as Exhibit "E."

19.    The Subject Policy provided for payment to the mortgagee notwithstanding breach by the named insured.   See February 18, 2009 Consent and Authorization Agreement, attached to the Memorandum of Law as Exhibit "F".

20.    On January 30, 2009, Williams consented to State Farm's payment of his mortgagee, Accredited Home Lenders, the amount he owed on his mortgage without Williams being named as an additional payment in connection with the payment to

Accredited Home Lenders.   <u>See</u> February 18, 2009 Consent and Authorization Agreement, attached to the Memorandum of Law as Exhibit "F".

21.   State Farm made a payment to the mortgagee. <u>See</u> Counterclaim, ¶ 4.

22.   On February 17, 2009, State Farm's counsel wrote to Williams' attorney specifically listing documentation that had been requested by State Farm that remained unproduced by Williams. <u>See</u> February 17, 2009 Letter of Fisher, attached to the Memorandum of Law as Exhibit "G."

23.   In the February 17, 2009 Letter of Fisher, State Farm requested Williams provide:

3.   Loan and credit account records have not been provided for Bank of America, Wachovia, Macy's, BB&T, Chase, GE Money Bank and the other credit grantors listed on Mr. Williams credit report.

4.   Copies of canceled checks were not provided.

5.   No documentation of renovations being performed at the residence have been provided.

6.   No income verification records such as pay stubs, W-2's, 1099's or the like have been provided.

7.   Statements related to all loans such as Mortgages and home equity lines with SunTrust, Bank of America, American General, are referenced on the credit report but no information or documentation has been provided by Mr. Williams.

8.   Mr. Williams provided purchase records for some vehicles. However, he has not provided statements requested on all vehicles.

9.   Bank statement for BB&T checking account ending in 7196 is needed for the month of October.

10.   Bank statement for BB&T checking account ending in 8217 is needed for the month of October as well as bank statements

requested for any other checking, savings accounts for business or personal use.

11.    State Farm continues in its request for income tax records for business and personal income taxes, including W-2's and 1099's and the like. While Mr. Williams testified that he has not filed personal income tax returns per se,  State Farm requests all information Mr. Williams would have utilized to prepare returns for filing had he done so.

12.    Complete corporate and financial records were requested but not received for KAOS, Sheridan Oil, DDW, MDNN Medical Providers and any other businesses in which Mr. Williams holds any interest.

13.    All pages of the closing statement and closing documents related to Mr. Williams purchase of the subject residence.

14.    Explanation and documentation of association of Mr. Williams with other properties, including 285 Centennial Olympic Park, Atlanta, Georgia, 504 Harlow, Fayetteville, N.C., 1115 Old Ebenezer Road, Florence, S.C., 3896 Lamb Drive, Marietta, Georgia.

Excerpts of February 17, 2009 Letter of Fisher, attached to the Memorandum of Law Exhibit " G."

24.    In response thereto, Williams only provided a Consent Agreement with one creditor, BB&T statements on two (2) accounts for the period  ending October 31, 2008 and November 5, 2008, and the closing statement for the first and second mortgage on the subject property.  See February 20, 2009 Letter of Vlack, attached to the Memorandum of Law as Exhibit "H."

25.    In the March 13, 2009, State Farm wrote the insured again, specifically stating that failure to provide requested document was a breach of the insurance contract that

could "result in the denial of your claim." <u>See</u> March 13, 2009 Letter of Fisher, attached to the Memorandum of Law as Exhibit "I."

26.    In the March 13, 2009 letter, counsel reiterated State Farm's requests of February 17, 2009 and sought four (4) additional classes of documentation. <u>See</u> March 13, 2009 Letter of Fisher, attached to the Memorandum of Law as Exhibit "I."

27.    After the documents were not received, State Farm, on July 17, 2009, wrote Williams denying the claim based on, among other things, Williams failure to comply with his duties after a loss. <u>See</u> July 17, 2009 Letter of Smith, attached to the Memorandum of Law as Exhibit "J."

28.    Thereafter, in a letter dated November 24, 2009, Williams, through counsel, acknowledged that he had not provided State Farm with all the requested documents, but that his "position that those documents are not in [sic] possession or control of those documents." <u>See</u> November 24, 2009 Letter of Hadden, attached to the Memorandum of Law as Exhibit "K."

29.    The November 29, 2009 letter demanded actual cash value for the damaged personal property in the amount of $78,539.88 and enclosed a second sworn proof of loss. <u>See</u> November 24, 2009 Letter of Hadden, attached to the Memorandum of Law as Exhibit "K."

30.    In a second Sworn Statement in Proof of Loss, dated November 24, 2009,

Williams, for the first time, formally made a claim for damaged personal/business

property.   <u>See</u> November 24, 2009 Statement in Proof of Loss, attached to the

Memorandum of Law as Exhibit "L."

Respectfully submitted, this $\underline{2^{nd}}$ day of September, 2010.

**HALL BOOTH SMITH & SLOVER, P.C.**

<u>***s/ James H. Fisher, II***</u>
James H. Fisher, II
Georgia Bar No. 261850
Denise W. Spitalnick
Georgia Bar No. 746210
Attorneys for Defendant

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
Telephone: (404) 954-5000
Fax: (404) 954-5020
E-mail: dspitanick@hbss.net
E-mail: jfisher@hbss.net

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DENNIS WILLIAMS                    )
                                   )
            Plaintiff,             )        Civil Action No.
                                   )        1:10-cv-00756-TCB
v.                                 )
                                   )
                                   )
STATE FARM FIRE AND                )
CASUALTY COMPANY,                  )
                                   )
            Defendant.             )

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing ***Defendants' Statement of Material Facts to Which There is No Genuine Issue to Be Tried*** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record: **John D. Hadden, Turkheimer & Hadden, LLC, 44 Broad Street, Suite 600, Atlanta, Georgia 30303.**

This 2nd day of September, 2010

                         **HALL BOOTH SMITH & SLOVER, P.C.**

                         _s/ James H. Fisher, II_
                         James H. Fisher, II
                         Georgia Bar No. 261850
                         Denise W. Spitalnick
                         Georgia Bar No. 746210
                         Attorneys for Defendant

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303
20007782-1
3925-0154

Telephone: (404) 954-5000
Fax: (404) 954-5020
E-mail: dspitanick@hbss.net
E-mail: jfisher@hbss.net